United States District Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ONEEB DOST MOHAMMADKHAN**, Petitioner, v. **FRANCISCO VENEGAS, Warden, El Valle Detention Center**, *et al.*, Respondents. | § § § § § § § § § | **Civil Action No.** 1:26-cv-284 |

## ORDER

Before the Court is Petitioner Oneeb Dost Mohammadkhan's "Petition for Writ of Habeas Corpus" (Mohammadkhan's "§ 2241 Petition"). Dkt. No. 1. Mohammadkhan, a citizen of Afghanistan, alleges that his continued detention by the named Respondents (hereinafter the "Government") violates: (1) the Immigration and Nationality Act; and (2) the Fifth Amendment's Due Process Clause. *Id*. at 2, 14–17.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then, notes that the proper respondent is the custodial officer of the facility where Mohammadkhan is detained. *See Rumsfeld*, 542 U.S. at 435.

Here, Mohammadkhan is held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas.  Dkt. No. 1 at 3.  Mohammadkhan's custodian then, would appear to be the warden of El Valle, Francisco Venegas.  *See* Dkt. No. 1 at 4; *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian").  *Bonitto v. Bureau of Immigration and Customs Enforcement*, 547 F.Supp.2d 747, 749, 751 (S.D. Tex. 2008) (Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center, not Immigration and Customs Enforcement); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner); *Salmon v. Bureau of Immigration and Customs Enforcement*, 1:08-cv-003, 2008 WL 11395491 at *1–2 (S.D. Tex. 2008) (Recio, J.) (Report and Recommendation adopted by Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center where petitioner was detained).

Accordingly, the Government is **ORDERED** to file a response to Mohammadkhan's § 2241 Petition [Dkt. No. 1] on or before **April 16, 2026**. In its response, the Government must explain why all other respondents other than Francisco Venegas, should not be terminated in this action. If Mohammadkhan chooses to file a reply to the Government's response, he must do so within **7 days** of receiving the Government's response.

      **SIGNED** on this **2nd** day of **April, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**