United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ONEEB DOST MOHAMMADKHAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-284 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Oneeb Dost Mohammadkhan filed this habeas action while detained by United States immigration authorities at the El Valle Detention Center in Willacy County, Texas. (*See* Pet., Doc. 1) He is an Afghan national subject to a final removal order and requests his release from detention based on *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In September of this year, Petitioner amended his Petitioner and moved for a preliminary injunction for his immediate release. (Amended Petition, Doc. 10; Motion, Doc. 11) Petitioner alleges that Respondents intended to remove him to a third country and that such a removal, without notice or the opportunity to challenge it, would violate his constitutional and statutory rights. The Court issued and subsequently extended a Temporary Restraining Order to maintain the status quo and requiring Respondents to comply with certain procedural safeguards before removing Petitioner to a third country. (*See* First TRO, Doc. 12; Second TRO, Doc. 14) On October 6, 2026, the parties attended a hearing and presented arguments regarding Petitioner's request for a preliminary injunction. Following the hearing, the parties submitted additional briefing. (*See* Resp., Doc. 15; Reply, Doc. 16)

A party seeking a permanent injunction must demonstrate: (1) that he has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) the balance of the hardships weighs in favor of equitable relief;

and (4) that the public interest is not disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The third and fourth elements merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also Nuziard v. Minority Bus. Dev. Agency*, 721 F. Supp. 3d 431, 504 (N.D. Tex. 2024) (merging the third and fourth factors when considering a permanent injunction against the government).

In previous cases involving similar requests for injunctive relief in connection with third country removal of aliens, the Court has granted relief prohibiting the third-country removal of aliens without certain procedural protections. *See Aranda-Gomez v. Bondi*, No. 1:25-cv-258 (S.D. Tex., Feb. 20, 2026); *Guerra Gutierrez De Guerra v. Warden, Port Isabel Serv. Processing Ctr.*, No. 1:26-CV-327, 2026 WL 1179777 (S.D. Tex. Apr. 30, 2026). The injunctive relief prohibited Respondents from removing the petitioner to a third country less than seven days after providing the petitioner with notice of the designated third country, and also required Respondents to comply with the notice and interview provisions of the March 2025 guidance, irrespective of whether the Secretary of Homeland Security had determined that the country of removal had provided credible diplomatic assurances that aliens removed to that country would not be persecuted or tortured.

Recent developments in caselaw call the Court's prior conclusions into question and cast serious doubt on Petitioner's ability in the current matter to demonstrate a substantial likelihood of success on the merits of his claims.

First, the Supreme Court recently stayed a lower-court order that granted protections to aliens subject to third-country removal. *See Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026). In *D.V.D.*, the First Circuit affirmed a district court judgment that certified a class including aliens subject to third-country removal. As to class members, the judgment imposed the following requirements on the Department of Homeland Security:

> (1) to seek first to remove class members to countries they have designated or of which they are subjects, nationals, or citizens; (2) to provide class members with

> effective notice of DHS's intention to remove them to a specified third country; and (3) to provide class members with a meaningful opportunity to contest removal to that third country on the ground that they have a reasonable fear of being persecuted or tortured there.

*D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, 2026 WL 2797801, at *1 (1st Cir. Sept. 18, 2026). The Supreme Court stayed the enforcement of this relief when it granted certiorari in the matter.

Second, the Fifth Circuit has applied *D.V.D.* to deny a request for stay of removal to a third country pending appeal of a district court's order denying the type of relief that Petitioner seeks in the present case. *See Gakou v. Warden of Prairieland Det. Ctr.*, No. 26-10925, 2026 WL 3044209 (5th Cir. Oct. 10, 2026). In *Gakou*, the petitioner sought an injunction prohibiting his removal to a third country pending resolution of his immigration claim under the Convention Against Torture. The district court denied the issuance of an emergency stay of removal, thus permitting the third-country removal based solely on the March 2025 Guidance. The petitioner appealed and sought an emergency stay of removal. Denying the request, the Fifth Circuit determined that the petitioner was "deeply unlikely to prevail on the merits of his claim[.]" *Id.* at *1. The court referenced the jurisdictional bar in 8 U.S.C. § 1252(g) and concluded that it "lack[ed] the power to entertain Gakou's motion." *Id.* In addition, the court cited *D.V.D.* and characterized the decision as "effectively ratif[ying] third-country removal of the sort that Gakou faces[,]" thus "explicitly permitting the government to continue with third-country removals unabated[.]" *Id.*

Based on these decisions, the Court concludes that Petitioner has not demonstrated a substantial likelihood of success on the merits of his claims. Therefore, he is not entitled to a preliminary injunction. As a result, it is:

**ORDERED** Petitioner Oneeb Dost Mohammadkhan's Motion for Preliminary Injunction Ordering Release Pending Final Judgment (Doc. 11) is **DENIED**.

The Court will permit the Temporary Restraining Order (Doc. 14) to expire on its own terms, at 4:30 p.m. on October 21, 2026.

Signed on October 20, 2026.

Fernando Rodriguez, Jr.
United States District Judge